RICHARDS et al. v. CITIZENS' WATER SUPPLY CO. OF NEWTOWN et al. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Robert K. Richards, individually and as executor, etc., Mary W. Richards, and Sarah E. Richards, individually and as executrix, etc., of Mary W. Richards, deceased, against the Citizens' Water Supply Company of Newtown and another. No opinion. Motion for reargument denied, with costs. For former opinion, see 140 App. Div. 206, 125 N. Y. Supp. 116.

ROBERTSON, Respondent, v. WILLIAM HAAKER CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Thomas Robertson against the William Haaker Company. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, on the ground of error in excluding evidence offered to show the place of delivery.

In re ROBINSON. (Supreme Court, Appellate Division, Third Department. January 4, 1911.) Appeal from Surrogate's Court, Columbia County. In the matter of the application of Julia R. Robinson for letters of administration with the will annexed of the estate of Frances C. Robinson, deceased. From an order of the surrogate refusing the letters, said applicant and the residuary legatees appeal. Reversed, with instructions to issue letters.

PER CURIAM. The amendment of 1910 (Laws 1910; c. 585) to subdivision 1 of section 2643 of the Code of Civil Procedure, which amendment became effective after the decision of the surrogate, renders academic the questions discussed by counsel and simplifies the disposition of this case. All the parties to the proceeding have appealed from the order of the surrogate. No appointment of an administrator with the will annexed appears to have been made. Such appointment, when made in the future, will necessarily be controlled by the amendment of 1910. The order is therefore reversed, and the proceeding remitted to the surrogate, with instructions to issue letters of administration with the will annexed to the residuary legatees, and with costs to each party filing a separate brief herein, payable out of the estate.

COCHRANE, J., not voting.

ROBINSON v. JAFFE et al. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Benjamin Robinson against Samuel Jaffe and another. No opinion. Motion for restitution of money granted, with costs. See, also, 125 N. Y. Supp. 1141.

ROCHE v. AMERICAN ICE CO. (Supreme Court, Appellate Division, First Department. November 25, 1910.) Action by Maurice P. Roche against the American Ice Company. No opinion. Motion denied, with $10 costs. Order filed. See, also, 140 App. Div. 341, 125 N. Y. Supp. 323.

ROCKAWAY PARK IMPROVEMENT CO., Limited, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by the Rockaway Park Improvement Company, Limited, against the City of New York. No opinion. Motion to resettle order denied, without costs. See, also, 140 App. Div. 160, 124 N. Y. Supp. 1096.

ROGERS, Appellant, v. ROTHFUSS, Respondent. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Action by Joseph Rogers against John Rothfuss. No opinion. Judgment of the Municipal Court affirmed, with costs.

ROUSE, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 11, 1911.) Action by Weston Rouse against the New York Central & Hudson River Railroad Company. No opinion. Judgment and order affirmed, with costs.

RUBENOFF v. DAVIS et al. (Supreme Court, Appellate Division, Second Department. December 30, 1910.) Appeal from Special Term, Kings County. Action by Robert Rubenoff against David Davis and others. From a judgment for defendants, plaintiff appeals. Affirmed. Louis Kunen, for appellant. Julius G. Kremer, for respondents.

PER CURIAM. Judgment affirmed, with costs.

BURR, J. I dissent from the decision about to be made. This action is brought to set aside transfers of property as made in fraud of creditors. Davis and Marcus, judgment debtors of the plaintiff, by a bill of sale made September 24, 1907, attempted to transfer to Harris Handman, a brother-in-law of Marcus, all of the stock in trade and assets of every description which belonged to the said firm. No consideration was paid for such transfer, which was in bulk. At the same time a paper was executed, signed by Davis, Marcus, and Handman, to the effect that, "if a compromise agreement entered into between the creditors of said Davis and Marcus this day at the rate of 25 per cent. settlement" is signed by all of said creditors of Davis and Marcus, Handman would pay to said creditors 25 cents on the dollar, together with the sums set forth in the schedule thereto annexed and made a part of said paper. No schedule was annexed to said instrument. It appears from the testimony, however, that some of the claims against Davis and Marcus were in favor of workmen, who had a lien upon the costs constituting part of the firm's stock in trade, and these claims were paid in full in order to release the lien. Certain other creditors who had loaned money to the said firm, it was agreed, should likewise be paid in full. It was further provided that Handman should carry on the business formerly conducted by the firm for a period of 30 days, and after reimbursing himself for all moneys paid and expended, and the reasonable expenses attendant upon the continuance of said business, turn over